NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0321n.06
Filed: April 28, 2005

No. 02-4429

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT LITTLE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BP EXPLORATION & OIL COMPANY; | ) | SOUTHERN DISTRICT OF OHIO |
| RICHARD BRUZINA, Individually and in his | ) | |
| capacity as a store manager for BP Oil | ) | |
| Company, | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: MARTIN, COOK, and LAY[*], Circuit Judges.

COOK, Circuit Judge. In this Title VII retaliation case, a jury found in favor of the defendant, BP Exploration & Oil Company. Plaintiff Robert Little appeals, arguing the evidence did not support the verdict and the court improperly instructed the jury. For the following reasons, we affirm the district court judgment.

I

---

[*]The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

BP hired Little, an African-American, as a part-time groundskeeper at its Winton Road location in Cincinnati in 1995. Shortly thereafter, Little came to believe that the store manager, Brenda Hines, had knowingly purchased stolen goods, and he reported this to BP management. In early 1996, he filed an EEOC complaint, alleging that another manager, Chuck Begley, called him racially derogatory names, made him do unpleasant tasks, and reduced his hours, all in retaliation for his complaint against Hines. Within six months, however, he withdrew the charge, and agreed in an EEOC Negotiated Settlement Agreement not to file a lawsuit with respect to any matters related to the charge. After the settlement, Little went to work at BP's Mitchell Avenue location, managed by defendant-appellee Richard Bruzina.

In the following months, Little had further clashes with BP management and other employees, one of which led to a second EEOC complaint. BP eventually terminated him, and he filed yet another EEOC complaint, alleging his suspension and discharge were in retaliation for his first two EEOC complaints. At trial, Little testified to one version of these events, while BP managers and employees testified to another. According to Little, BP repeatedly harassed and ultimately terminated him in retaliation for his EEOC complaints. According to BP employees, however, Little was not harassed at all, and was terminated because of his conduct on the job—specifically, his own loud haranguing of BP customers about BP's alleged unfair practices and his refusal to follow BP's policy regarding work uniforms.

After the EEOC issued him a Notice of Right to Sue, Little filed suit in the district court, alleging, among other things, that BP and Bruzina violated Title VII of the Civil Rights Act of 1964

by discharging him in retaliation for protected activity. The district court granted defendants summary judgment, and Little appealed to this court. We reversed and remanded with respect to only one issue: whether BP retaliated against Little for filing his EEOC complaints. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 365-66 (6th Cir. 2001).

On remand, the district court tried that claim before a jury, which found Little had not established by a preponderance of the evidence the existence of any causal link or connection between his protected activity and his suspension and discharge. After the jury delivered its verdict, the district court denied Little's motion for a new trial.

Now before us again, Little argues the district court wrongly denied his motion for a new trial, improperly instructed the jury regarding co-worker liability, and plainly erred in the special-verdict form it gave the jury. For the following reasons, we reject each of his arguments.

II

We first consider Little's argument that he deserved a new trial. We review denial of a new trial for abuse of discretion. *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). In determining whether to grant a new trial, when a party claims the jury's verdict was against the weight of the evidence, this court finds no abuse of discretion as long as the jury "reasonably reached" its verdict. *Id.*

Here the jury reasonably reached its verdict. It heard two versions of Little's interactions with BP. Little's version was supported almost exclusively by his own testimony, while BP's version was supported by various witnesses who provided ample evidence that BP had no retaliatory motive in firing Little. And the jury reasonably discounted Little's version of the facts, as his testimony was less than credible, given his impeachment and apparent lack of clarity on the stand. Thus, the district court properly denied him a new trial.[1]

III

Little argues the court improperly instructed the jury that only the acts of a "supervisor or manager," acting within the scope of his or her employment, could bind BP. Little insists the court should have told the jury it could hold BP liable for "the acts of co-workers" as well. But the court did not err, because Little's claim is that he was *suspended and terminated* in retaliation for his protected actions—and of course only a "supervisor or manager" could terminate Little.

Little's brief also speaks of co-worker "retaliatory harassment." We note initially that we have not recognized co-worker retaliatory harassment as a valid cause of action. *See Swanson v. Livingston County*, 121 Fed. Appx. 80, 85 (6th Cir. 2005). And even if co-worker retaliatory harassment were actionable, such a claim was not before the district court—we remanded the case only to determine whether Little "was *suspended and later terminated*" because of his EEOC complaints. *Little*, 265 F.3d at 365-66 (emphasis added). Given the limited scope of the remand,

---

[1]Our holding here makes it unnecessary to address BP's argument that Little failed to properly appeal the district court's denial of his motion for a new trial.

the district court could not have instructed the jury on a claim not at bar—co-worker harassment—so this argument fails.

## IV

Finally, Little argues the court should not have allowed the jury to consider the elements of a prima facie retaliation case in its special-verdict form, and should instead have asked the jury only whether BP had shown a non-discriminatory motive for his termination. But because Little raises this argument for the first time in his reply brief, we do not consider it. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) (issues raised for the first time in a reply brief are waived).

## V

For the foregoing reasons, we affirm the district court judgment.